MOTION FOR DISMISSAL OF APPEAL
Before LOTTINGER, LANDRY, REID, BAILES and LEAR, JJ.
LEAR, Judge.
Defendant, Joseph B. Terry, alleges that a final judgment, favorable to him, was rendered in this matter by the Twenty-First Judicial District Court in and for the Parish of Tangipahoa on September 27, 1965.
He then shows that an order of appeal to this Court was signed on or about the 20th day of November, 1965, establishing the return date as of January 20, 1966.
On November 22, 1965, Lida Morrison, Deputy Clerk of Court, wrote attorney for mover notifying him that the plaintiff had asked for and obtained a devolutive appeal “without the plaintiff being required to furnish bond”.
The record in the matter was not lodged in this Court until February 23, 1966. Alleging that no extension of time was granted, counsel for defendant-appellee moves that the appeal be dismissed.
LSA-C.C.P. Article 2127 provides as follows :
“Art. 2127. Record on appeal; preparation; prepayment of fees
The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
The requirement for the prepayment of fees provided in said Article does *476 not, of course, apply to the State of Louisiana. It being the duty of the clerk of the trial court to prepare and lodge the record on appeal, his failure to do so is neither imputable to appellant nor prejudicial tó the appeal. Accordingly, this motion is
Denied.